G. BRUCE BROWN, AS ADMINISTRATOR, ETC., RESPONDENT, *v.* GEORGE I. LANDON, APPELLANT.

*Letters of administration — the action of a surrogate in issuing them cannot be attacked collaterally — a power of attorney may be acknowledged before a vice-consul.*

This action was brought upon three promissory notes made by the defendant to the order of the plaintiff's intestate. It appeared that the intestate died in London, leaving a will which it was claimed had been there admitted to probate. The plaintiff applied under a power of attorney executed by a temporary administrator and an executor, who had been appointed in England, for ancillary letters of administration as provided by sections 2695, 2696 of the Code of Civil Procedure. The petition for the letters was in proper form and stated all facts required to sustain the application. The papers produced in support of it, however, were irregular and insufficiently authenticated.

*Held,* that as the subject to which the proof was directed, the granting of ancillary letters of administration, was clearly within the jurisdiction of the surrogate, the validity of the letters granted by him thereon could not be attacked collate-

rally in this action; even though it could be shown that he erred in granting them and that his determination would have been reversed upon appeal.

*Roderigas* v. *East River Savings Institution* (63 N. Y., 460, and Id., 76 N. Y., 316), followed.

A power of attorney may be acknowledged before a vice-consul of the United States.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and also from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*John E. Parsons*, for the appellant.

*Erwin I. Spink*, for the respondent.

DANIELS, J.:

The recovery was for the amount due upon three promissory notes made by the defendant and payable to the order of James Landon, the decedent. No point has been made questioning the liability of the defendant upon the notes; and as that fact appears by the evidence to have been reasonably well established on the trial, it will not be taken under consideration in the disposition of the appeal.

Before the commencement of the action the plaintiff upon his own petition had been appointed by the surrogate of the county of New York the administrator of so much of the goods, chattels and credits of the decedent as were left by him in this State at the time of his decease. And it is the legality of that appointment which has been drawn in question on the argument of this appeal.

The decedent died in London, in England, where it was alleged in support of the application he left a will making a disposition of his estate. And the application for the plaintiff's appointment resulting in the order made by the surrogate was made under the authority of the provisions of the Code, which authorized the issuing of ancillary letters testamentary and of administration. (Code of Civil Procedure, §§ 2695, 2696, 2697.) The petition for the letters was in proper form and included the statements required to sustain the application. But the papers produced in support of it were irregular and insufficiently authenticated. For this purpose the law required an exemplified copy of the will and of the foreign

letters issued upon its probate, together with the judgment or decree admitting it to probate. And by section 952 of the Code of Civil Procedure the manner in which these documents were to be authenticated was prescribed by the legislature, but there was a failure to comply with these provisions of the Code. A certificate of the registrar of the probate court was added to what was alleged to be a copy of the will, and to hardly an intelligible statement of the action taken upon the application for its probate. And these certificates were authenticated simply and solely by the certificates of the vice and deputy consul-general of the United States in London, who also certified himself to be a notary public of the United States. But that was not such an authentication of the documents as the statute upon this subject in very plain language directed should be made to authorize the papers themselves to be read in evidence.

The surrogate, however, acted upon this proof, irregular and deficient as it clearly was. But his action was upon a subject-matter confided to his jurisdiction, and his determination and decree upon it cannot be disregarded collaterally because of these defects in the proceedings. It is clear that upon an appeal the determination would be reversed. But it does not follow from that circumstance that it was void. The subject-matter to which the proof was directed was clearly within the jurisdiction of the surrogate, and that was, to grant ancillary letters testamentary or of administration upon the estate of the deceased party; and he did have evidence before him tending to establish the facts upon which his authority was by law required to be exercised; and as he exercised his judgment upon that proof and made his determination directing the issuing of the letters it cannot be disregarded in this action simply because he erroneously allowed this defective and irregular proof to be given. To avoid that result it was sufficient that the proof had a legal tendency to establish the facts required to be shown, and that it should have been rejected because of the manner of its authentication will not invalidate his decree to such an extent as to allow it to be held void when brought collaterally in controversy as it was upon the trial of this action. This subject was very fully considered in *Roderigas* v. *East River Savings Institution* (63 N. Y., 460), and in *Roderigas* v. *The Same* (76 id., 316), where it was held that proof tending to establish the right of

the applicant to redress, although it may be substantially defective, is sufficient to sustain such letters against the objection taken to them in this case.

The power of attorney from the administratrix appointed in the foreign proceedings, and from the son of the decedent, who was nominated as one of his executors, the others having probably declined to act, was also produced in support of the plaintiff's application. This was in like manner proved by the certificate of the same vice-consul. But the acknowledgment of this document could properly be taken before such an officer (2 R. S. [6th ed.], 1142, § 11) ; for while he acted in that capacity he was entitled to exercise the authority vested by law in the consul himself. (U. S. R. S., §§ 1695, 1674, sub. 3.)

This instrument was accordingly in such a condition as allowed it to be legally received as evidence so far as it extended in support of the application, and by that the plaintiff was expressly authorized to make the application to the surrogate and to receive the letters which were issued by him. And as these letters were issued upon proof tending to establish the right to them, although it was defective and irregular, they became conclusive in favor of the plaintiff's right to maintain this action. (*Parhan* v. *Moran*, 4 Hun, 717.) And this is the effect which the Code has prescribed, that letters testamentary, letters of administration and letters of guardianship shall have when they may be granted by a court or officer having jurisdiction to issue them. (Code of Civil Pro., § 2591.) And this provision is rendered applicable to letters of this description by section 2702. For these reasons the defendant cannot successfully resist the right of the plaintiff to maintain this action for the recovery of the amount due upon the notes. The acceptance by the surrogate of the defective proof, as long as it tended to establish the facts required to support the application, was an error only, which could be no otherwise corrected than by an appeal from his order or decree.

The law will not allow his erroneous action to be set aside in this manner. The judgment should, therefore, be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.